UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASMA JABOW

        Plaintiff,

v.                                               Case No. 12-10370
                                               Honorable Denise Page Hood
CHASE HOME FINANCE LLC,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## AND CLOSING THE CASE

**I.   INTRODUCTION**

This matter involves a foreclosure. Now before the Court is Defendant JP Morgan Chase Bank's Motion to Dismiss. Plaintiff has not responded to Defendant's motion. Oral arguments were set for May 9, 2012. Neither plaintiff nor counsel appeared for oral argument. For the reasons stated below, Defendant's motion to dismiss is GRANTED.

**II.   STATEMENT OF FACTS**

Plaintiff initiated this action in Macomb County Circuit Court on December 29, 2011 requesting that the Court quiet title and alleging unjust enrichment, breach of implied agreement/specific performance and breach of M.C.L. § 600.3205c. Defendant removed this action to this Court on January 27, 2012.

On February 14, 2003, Plaintiff executed a note for $188,100.00, secured by a mortgage, with United Mortgage of America for the property commonly known as 2251 Kipling Dr., Sterling Heights, Michigan 48310 (the "property"). The note and mortgage were recorded with

the Macomb County Register of Deeds on March 10, 2003. In February 2008, United Mortgage of America assigned its interest to Chase Home Finance; this interest was recorded on February 20, 2008. At some point, which is not specifically indicated, Plaintiff defaulted on the note obligations and the property was foreclosed. A Sheriff's Sale took place on June 30, 2011. The redemption period expired on December 30, 2011.

### III. LAW & ANALYSIS

#### A. Standard of Review

In a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must show that she alleges a claim under federal law and that the claim is "substantial." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A claim is substantial unless "prior decisions inescapably render [it] frivolous." *Id.* (quoting *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed.R.Civ.P. 12(h)(3).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendants have attached several exhibits to its motion to dismiss: the mortgage, the assignment, the Sheriff's deed, and the quit claim deed. The Court may consider these exhibits without converting Defendants' motion to dismiss to a motion for summary judgment if the matters are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006); *see also Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (noting that the court may consider exhibits attached to the complaint or defendant's motion to dismiss, public records, and items in the record of the case if they are referred to in the complaint and central to its claims without making the motion one for summary judgment). The Court will analyze Defendants' motion under the Rule 12(b)(6) standard.

### B. Standing

Defendant argues that Plaintiff no longer has standing to challenge the foreclosure because he no longer has an interest in the property. The Court must first determine if there is standing before considering any substantive issues. *Planned Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the Constitution limits the federal courts to "cases and controversies." Standing is present when three elements are established: (1) plaintiff suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) causal connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions; and (3) likely, not speculative, that the injury will be

redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Accordingly, the plaintiff has the burden of proving with specificity injury in fact, causation, and redressability. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). In Michigan, all rights and title are vested in the purchaser once the foreclosure is complete. *See* M.C.L. § 600.3236. A former owner losses "all [his/her] right, title, and interest in and to the property at the expiration of [his/her] right of redemption" and cannot no longer assert the rights of those with an interest. *Piotrowski v. State Land Office Bd.*, 188, 4 N.W.2d 514, 517 (Mich. 1942); *see also Matthews v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2560329 (E.D. Mich. Apr. 5, 2011); *Overton v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009).

Nor does the act of filing the present action prior to the expiration of the redemption period toll it. *Overton,* 2009 WL 1507342 at 1 (finding that the filing of the plaintiff's "suit before the redemption period expired…was insufficient to toll the redemption period"). Once the redemption period expired, all title and interest vested in the purchaser.

"[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997). Plaintiff has not alleged any fraud or irregularity that would warrant setting aside the foreclosure sale. Plaintiff merely states that there was fraud on the part of Defendant and that the Defendant intentionally designed its actions to preclude Plaintiff from entering a loan modification program. Plaintiff does not specify what actions giving rise to fraud or any other irregularities in the foreclosure sale. *See* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake"); *see also Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a minimum, [a plaintiff] must allege the time, place and

4

contents of the misrepresentations upon which [he or she] relied"). The mere statement that the Defendant committed fraud is insufficient to set aside the foreclosure sale after the redemption period has expired. The Court finds that Plaintiff has not alleged the requisite level of fraud or irregularity to warrant setting aside the foreclosure sale. The Court dismisses Plaintiff's Complaint to the extent that he seeks legal title to the property.

### C. Doctrine of Laches

Citing state law, Defendant contends that Plaintiff's Complaint is barred by the equitable doctrine of laches. *See Wayne County v. Wayne County Ret. Comm'n*, 267 Mich.App. 230, 252 (Mich. Ct. App. 2005); *Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 756-57 (Mich. Ct. App. 1987) (affirming trial court decision that doctrine of laches applied when the plaintiff did not file his complaint "until five months of the six-month redemption period had passed"). Plaintiff has not responded to Defendant's motion to dismiss or any other way indicated why he has delayed bringing this action until one day before the redemption period expired. Plaintiff waited until almost six months after the Sheriff's sale to challenge the foreclosure.

However, Defendant has not offered the Court any authority that would allow it to apply the equitable doctrine of laches in this matter. According to the Sixth Circuit, the equitable doctrine of laches requires a showing that Plaintiff lacked diligence and that Defendant is prejudiced by Plaintiff's lack of diligence. *Ford Motor Company v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). The Court must consider more than time, but "the inequity of permitting a claim to be enforced" because "[l]aches, rather than a statute of limitations, governs the claims brought to enforce an 'equitable right created by Congress." *Id.* (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946)). Defendant has failed to offer any Congress created right

5

that would allow the Court to apply the equitable doctrine of laches in this matter. As such, the Court declines to dismiss Plaintiff's action based on the doctrine of laches.

### D.  Statute of Frauds

Defendant argues that this action is barred by the statute of frauds. Plaintiff's Complaint is predicated on the Plaintiff's attempt to negotiate a loan modification in good faith with Defendant. Plaintiff asks that the Court order Defendant to continue processing the Loan Modification. Plaintiff's Complaint fails in two respects: he does not allege that he is eligible for a loan modification or identify any promise made by the Defendant. Assuming that Plaintiff's Complaint does rely on a promise to modify his loan, it fails. The statute of frauds provides in relevant part that a promise to "renew, extend, modify, or permit a delay in repayment or performance of a loan" cannot be enforced against a financial institution "unless the promise or commitment is in writing and signed with an authorized signature by the financial institution." M.C.L. § 566.132(2).  The Michigan Court of Appeals has noted that section 132(2) is unambiguous. *Crown Tech. Park v. D&N Bank*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000). The court further noted that the statute precludes a party "from bringing a claim--*no matter its label*--against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Id.* (emphasis added).

Plaintiff alleges that he is entitled to quiet title because Defendant did not allow Plaintiff to modify the loan. Plaintiff also bases his unjust enrichment, and breach of implied agreement/specific performance on this contention. Plaintiff has not alleged that Defendant provided a signed written promise to modify the loan. Plaintiff admits that he was negotiating a loan modification. There is no indication that an actual modification plan was executed. The statute of frauds bars Plaintiff's claims.

6

### E. M.C.L. § 600.3205c

Defendant argues that Plaintiff cannot set aside the foreclosure sale pursuant to M.C.L. § 600.3205c. Plaintiff alleges that Defendant failed to follow the requirements of M.C.L. § 600.3205c. Plaintiff does not allege exactly how Defendant failed to meet its responsibilities under the statute. It appears from the remainder of the Complaint that Plaintiff argues that Defendant failed to work with Plaintiff to achieve a loan modification before foreclosing on the property.

Section 600.3205c provides the procedure for requesting a loan modification. Subsection (1) provides that a "[i]f a borrower….contact[s] a person designated under section 3205a(1)(c) …, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c(1). If the borrower is eligible for loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within 14 days. *Id.* at 600.3205c(7). If foreclosure proceedings are initiated in violation of this statute, the borrower may ask the circuit court to convert the foreclosure proceeding into a judicial foreclosure. *Id.* at 600.3205c(8). Plaintiff has not alleged that he was eligible for loan modification. More importantly, section 600.3205c does not give the Court authority to set aside the foreclosure. *See Adams v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 90226 (E.D. Mich. Aug. 10, 2011) (unpublished) (Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure.") The Court dismisses Count IV of Plaintiff's Complaint.

### IV. CONCLUSION

2:12-cv-10370-DPH-MAR Doc # 9 Filed 06/29/12 Pg 8 of 8 Pg ID 215

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss **[Docket No. 7, filed March 2, 2012]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.


DATED:  June 29, 2012                         s/Denise Page Hood
                                              DENISE PAGE HOOD
                                              United States District Judge


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 29, 2012, by electronic and/or ordinary mail.

                                              s/Tanya Bankston for LaShawn Saulsberry
                                              Case Manager, (313) 234-5160